# NO. 12-24-00009-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FINIST LEE BROOKS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Finist Lee Brooks, Jr. appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm the trial court's judgment.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon.[1] Appellant pleaded "guilty" pursuant to a plea-bargain agreement. The trial court found the evidence sufficient to find Appellant "guilty" but deferred further proceedings and placed Appellant on community supervision for seven years. The State subsequently filed a motion to adjudicate Appellant's guilt, in which it alleged that Appellant violated the conditions of his community supervision. Appellant pleaded "true" to each of the alleged violations. The trial court found that Appellant violated the conditions of his community supervision, found him "guilty" of

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2023).

aggravated assault with a deadly weapon, and assessed punishment at seven years of imprisonment.  This appeal followed.


## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. Counsel further states that he is well acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief presents a chronological summation of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2]

Appellant filed a pro se brief, in which he challenges the sufficiency of the evidence.  We reviewed the record for reversible error and found none.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  We conclude that the appeal is wholly frivolous.


## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant counsel's motion for leave to withdraw and *affirm* the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review.  *See In re Schulman*, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2 Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Teas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00009-CR**

**FINIST LEE BROOKS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1637-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below be in all things **affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*